## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWARE LIFE INSURANCE COMPANY, | : | C.A. NO.: |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MARC W. ELIA, TRUSTEE OF THE ESTATE OF SUSAN D. ELIA; and PEACE AT LAST, LLC; | : | |
| | : | |
| | : | |
| Defendants. | : | |

### COMPLAINT FOR INTERPLEADER

Plaintiff, Delaware Life Insurance Company, by and through its attorneys, under the Federal Interpleader Act, 28 U.S.C. §§ 1335, 1397, 2361, and in accordance with Rule 22 of the Federal Rules of Civil Procedure, states as follows for its Complaint for Interpleader:

### PARTIES

1.      Plaintiff, Delaware Life Insurance Company ("Delaware Life") is a company incorporated and organized under the laws of the State of Delaware, with its principal place of business in Zionsville, Indiana.  Delaware Life is a citizen of the State of Delaware.

2.      Defendant, Marc W. Elia, Trustee of the Estate of Susan D. Elia, resides in Connecticut and is a citizen of the State of Connecticut.

3.      Defendant, Peace at Last LLC ("Peace at Last") is a limited liability company incorporated and organized under the laws of the State of Delaware.  Peace at Last is a citizen of the State of Delaware.

1

**JURISDICTION AND VENUE**

4.      This is a Complaint for Interpleader brought by Delaware Life pursuant to the Federal Interpleader Act, 28 U.S.C. §§ 1335, 1397, 2361, and Rule 22 of the Federal Rules of Civil Procedure.

5.      The Court also has jurisdiction over this matter because there is diversity of citizenship between two or more of the Defendants, and the amount of the death benefit of the life insurance policy at issue in this matter exceeds the sum of $500.00. 28 U.S.C. § 1335.

6.      Venue is proper under 28 U.S.C. § 1397 because one of the claimants is a citizen of the State of Delaware.

**CLAIM FOR RELIEF IN INTERPLEADER**

7.      Delaware Life issued an annuity, Contract Number XXXXXX3886 (the "Annuity"). A true and correct copy of the Annuity Contract, is attached and incorporated by reference as Exhibit 1.

8.      The Annuitant of the Annuity was Susan Elia.

9.      The Beneficiary and Participant (Owner) of the Annuity was Peace at Last.

10.      The Annuity was purchased by Peace at Last for $1,000,000.  A true and correct copy of the Annuity Application, redacted for personal information, is attached and incorporated by reference as Exhibit 2.

11.      The Annuity issued on October 31, 2011.

12.      The Annuity provides, in pertinent part:

> The Participant may request a full surrender or a partial withdrawal. A full surrender will result in a cash withdrawal payment equal to the value of the Participant's Account at the end of the Valuation Period during which the election becomes effective less the account fee, plus or minus any applicable market value adjustment, and less any applicable withdrawal charge.

34168387v.2

Ex. 1, Annuity Contract, 13 (describing the "Full Surrender").

13.    On or about June 5, 2015, James P. Dalle Pazze, Esq. sent a letter to Delaware Life indicating that he was appointed Special Master "in the matter involving Peace at Last, LLC" and requested that Delaware Life change the address of record for the Annuity Contract to Wilmington Trust Company.  A true and correct copy of the letter from Attorney Dalle Pazze is attached and incorporated by reference as Exhibit 3.

14.    On December 23, 2015, the Superior Court of Connecticut issued an Order in *Day v. Seblatnigg* (the "Connecticut Superior Court Order"), in which the Court found that, in pertinent part, "all transfers of asserts from [Susan] Elia's conservatorship estate to the trust or to Peace at Last were unauthorized and improper."  61 Conn. L. Rptr. 558, at *12.  The Court ordered that "the assets from [Susan] Elia's conservatorship estate that were transferred to . . . Peace at Last, LLC, shall be immediately returned to [Susan] Elia's conservatorship estate."  *Id.*  A true and correct copy of the Connecticut Superior Court Order is attached and incorporated by reference as Exhibit 4.

15.    Despite the issuance of the Connecticut Superior Court Order on December 23, 2015, Peace at Last did not notify Delaware Life of the Order, nor did Peace at Last request a full surrender of the Annuity.

16.    Upon information and belief, Susan Elia passed away on April 22, 2017.

17.    The Annuity provides, in pertinent part:

> If the Covered person dies while either the Contract and this Certificate are in effect and before the Annuity Commencement Date, the Company, upon receipt of Due Proof of Death of the Covered Person, may pay a Death Benefit to the Beneficiary in accordance with this Death Benefit provision.

Ex. 1, Annuity Contract, 15 (describing the "Death Benefit").

34168387v.2

18.     On January 21, 2022, the Supreme Court of Connecticut issued an Order in *Day v. Seblatnigg* (the "Connecticut Supreme Court Order"), affirming the Connecticut Superior Court Order and affirmed the judgment of the Connecticut Appellate Court which affirmed the Connecticut Superior Court Order.  A true and correct copy of the Connecticut Supreme Court Order is attached and incorporated by reference as Exhibit 5.

19.     On August 9, 2022, the Greenwich, Connecticut, Probate Court appointed Christine E. Elia and Marc W. Elia as Co-Executors of the Estate of Susan D. Elia.  A true and correct copy of the Connecticut Probate Court Order, dated August 9, 2022, is attached and incorporated by reference as Exhibit 6.

20.     On December 1, 2022, Marc W. Elia filed a Motion to Enforce Foreign Judgment in the Court of Chancery of the State of Delaware (Case No. 9472-MG), requesting that the Court of Chancery enforce the Connecticut Superior Court Order and order that the assets interplead with the Court of Chancery be returned to Susan Elia's Estate.  A true and correct copy of the Motion to Enforce Foreign Judgment is attached and incorporated by reference as Exhibit 7.

21.     Under the circumstances, Delaware Life is a disinterested stakeholder and cannot determine factually or legally whether: (a) the 2015 value of a Full Surrender should be paid to the Estate, or (b) the value of Death Benefit shall be paid to Peace at Last.   By reason of the actual or potential claims of the interpleading Defendants, Delaware Life is or may be exposed to multiple liability.

22.     The Defendants may each have a claim to and interest in the Annuity, and said claims are adverse to and conflict with each other.  By reason of these adverse and conflicting claims, Delaware Life is unable to discharge its admitted liability under the Annuity without exposing itself to multiple litigation, liability, or both.

34168387v.2

23.    Delaware Life is indifferent as to which of the Defendants is entitled to payment. Delaware Life is only interested in paying and discharging its admitted liability once; however, it has been unable to do so by reason of the circumstances described herein and thus files this Complaint for Interpleader.

24.    As a disinterested stakeholder, Delaware Life has no interest in the Annuity proceeds payable (except to recover its attorneys' fees and costs of this action), and respectfully requests that this Court determine: to whom, and at what value said proceeds should be paid

25.    Delaware Life has not brought this Complaint for Interpleader at the request of Defendants.  There is no fraud or collusion between Delaware Life and Defendants.  Delaware Life brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Delaware Life Insurance Company prays that this Honorable Court enter judgment as follows:

A.    Enjoining Defendants during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against Delaware Life Insurance Company in any state or federal court or other forum with respect to proceeds payable under the terms of the Annuity, and on account of either the Connecticut Superior Court Order, or the death of Susan Elia, the Annuitant, and that said injunction issue without bond or surety;

B.    Granting judgment in favor of Delaware Life Insurance Company on its Complaint for Interpleader with an express finding of finality pursuant to FED. R. CIV. P. 54(b) and declaring that Delaware Life Insurance Company has no further liability to Defendants, or to any person or entity claiming through them, for the proceeds payable under the terms of the Annuity, and on account of the death of Susan Elia, the Annuitant;

34168387v.2

C.      Entering an Order finding that Delaware Life Insurance Company has acted in good faith by interpleading the proceeds of the Annuity;

D.      Ordering Defendants to litigate their claims and contentions concerning the proceeds of the Annuity without further involving Delaware Life Insurance Company;

E.      Awarding Delaware Life Insurance Company its attorneys' fees and court costs incurred in connection with prosecuting this Complaint for Interpleader, with such fees and costs to be deducted from the value of the Annuity proceeds ordered by this Court to be paid by Delaware Life Insurance Company;

F.      Issuing an Order directing Delaware Life Insurance Company to pay over either the 2015 Full Surrender value to the Estate, or the Death Benefit value of the Annuity to Peace at Last, and

G.      Granting Delaware Life Insurance Company such further and other relief as this Court deems just and appropriate.

WHITE AND WILLIAMS LLP

/s/ *Christian J. Singewald*
Christian J. Singewald  (#3542)
600 N. King Street, Suite 800
Wilmington, DE 19801
Phone: (302) 654-0424
Fax: (302) 467-4547
singewaldc@whiteandwilliams.com
Attorneys for Plaintiff,
Delaware Life Insurance Company

Dated:  December 27, 2024